IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD WALLACE, ) | |
| AIS #207922, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-762-MEF |
| ) | [WO] |
| ) | |
| BILLY NORTON, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, James Edward Wallace ["Wallace"], a state inmate, complains that his constitutional rights have been violated during his incarceration at the Bullock County Correctional Facility. Specifically, Wallace contends that inmates Billy Norton and Bobby Joe Jordan threatened him, called him derogatory names, discriminated against him in the practice of his religion and violated "his First Amendment right to freedom of speech" by removing him "as the Gate Keeper ...." for Native American ceremonies. *Plaintiff's Brief in Support of Complaint - Court Doc. No. 2* at 2-3, 6. Wallace asserts he advised Chaplain Steve Walker of the threats and derogatory comments addressed to him by inmates Norton and Jordan. Wallace seeks declaratory and injunctive relief for the alleged violations of his constitutional rights.

Upon thorough review of the complaint and brief filed in support thereof, the court concludes that dismissal of this case prior to service of process is appropriate under 28

U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## DISCUSSION

### A. Inmates Billy Norton and Bobby Joe Jordan

Wallace complains that inmates Norton and Jordan violated his constitutional rights by committing adverse actions against him with respect to the practice of his religion. The claims presented by Wallace arise from disagreements among the inmates with respect to the manner in which Native American services are conducted. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> ... Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

>state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

It is clear from the complaint that inmates Norton and Jordan are not state actors nor can their actions in any way be attributed to the State. In light of the foregoing, the court concludes that the plaintiff's claims against inmates Billy Norton and Bobby Joe Jordan are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Chaplain Steve Walker and Commissioner Richard Allen

Wallace asserts that he "made complaints to institutional Chaplain Steve Walker ... about [the] threats and degrading name calling" initiated against him by inmates Norton and Jordan. *Plaintiff's Brief in Support of Complaint - Court Doc. No. 2* at 6. Wallace acknowledges that Chaplain Walker addressed "the issue ... in a meeting [and] it was resolved with an apology accepted." *Id*. at 2. Wallace sets forth no claims against Richard Allen. The assertions with respect to Chaplain Walker fail to allege a violation of the plaintiff's constitutional rights. The court therefore concludes that Wallace fails to present any claim against defendants Walker and Allen on which relief may be granted. Consequently, the complaint as to the aforementioned defendants is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Speculative Claim

Wallace contends that "he fears ... [correctional officials could] use their transferring powers to remove the Plaintiff from his present place of incarceration in retaliation for filing this Civil Suit." *Plaintiff's Brief in Support of Complaint - Court Doc. No. 2* at 8. Wallace's mere supposition that prison officials *may* at some time in the future act unfavorably towards him is insufficient to state a claim on which relief may be granted under § 1983. *Conner v. Sticher*, 801 F.2d 1266, 1268 (11th Cir. 1986) (plaintiffs' subjective belief harm may occur fails to implicate a constitutionally protected interest); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (jurisdiction cannot be premised upon mere speculation); *Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979) (Relief is not warranted because "the injury which [plaintiff's] pleadings contemplate is fancied, not real; prospective, not actual; and imagined, not threatened."). Thus, Wallace's claim of possible future adverse action is subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as it is purely speculative and without constitutional implication.

### D. Request for Preliminary Injunction

Wallace seeks issuance of a preliminary injunction prohibiting any future transfer from the Bullock County Correctional Facility. *Plaintiff's Brief in Support of Complaint - Court Doc. No. 2* at 8. The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant the requested preliminary injunction only if Wallace

demonstrates each of the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury to Wallace outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would be in the public interest. *Palmer,* 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

As is apparent from the discussion of the claims presented in the complaint, Wallace fails to establish a substantial likelihood of success on the merits. Thus, he has not met his

burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against inmates Billy Norton and Bobby Joe Jordan be dismissed with prejudice upon application of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims against Steve Walker and Richard Allen and his allegation of speculative future harm be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The plaintiff's motion for preliminary injunction be DENIED.

4. This case be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before September 12, 2007 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 31st day of August, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE